IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABITIBI-CONSOLIDATED INC., and )<br>BOWATER INCORPORATED )<br>)<br>)<br>Defendants. )<br>) | CASE NO. 1:07-cv-01912<br>JUDGE: Collyer, Rosemary M.<br>DECK TYPE: Antitrust |

## OPPOSITION OF ABITIBI-CONSOLIDATED, INC. AND BOWATER INCORPORATED TO THE NEWSPAPER ASSOCIATION OF AMERICA'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

### Preliminary Statement

Abitibi-Consolidated Inc. and Bowater Incorporated[1] oppose the Newspaper Association of America's Motion to appear as amicus curiae in these Tunney Act proceedings. Under the Tunney Act, this Court must determine whether the proposed consent decree is in the public interest. This determination is based on information provided by the United States Department of Justice ("Government") in the complaint, proposed consent judgment, competitive impact statement, public comments, and the Government's responses to those comments. The Newspaper Association of America ("NAA") has submitted a detailed and lengthy comment in this matter.

The Government has filed both the NAA's comment and its response with this Court. The NAA has failed to demonstrate how its participation as amicus curiae is necessary or adds anything helpful to this Court's determination. The Court already has the benefit of the Association's views and allowing the NAA to restate those views as an amicus participant is superfluous, and accordingly, its motion should be denied.

## The Tunney Act

The Tunney Act requires a determination by a District Court that the entry of a consent judgment proposed by the United States in a government antitrust case is in the public interest. 15 U.S.C. § 16(e). Under the Tunney Act, the Government is required to initiate a public comment process by publishing notices in newspapers and the *Federal Register*. The Government is also required to file a competitive impact statement describing, among other things, the competitive harm and the proposed consent decree. Lastly, the Government must file with the Court and publish in the *Federal Register* any public comments received and its responses to those comments. *Id.* § 16(b)-(d). Through the public comment process, the Court gains the benefit of views from non-party entities prior to making its public interest determination. The Act also identifies factors for the Court to consider in making its determination. *Id.* § 16(e)(1). If the Court concludes that it needs additional information in order to make its determination, the Act permits the Court to supplement the information provided by the Government. *Id.* § 16(e)(2), (f). Courts have rarely found it necessary to supplement the record provided by the Government in these proceedings. If

---

[1] On October 29, 2007, the transaction combining Abitibi-Consolidated, Inc. and Bowater Incorporated was consummated and now both companies are wholly-owned subsidiaries of AbitibiBowater Inc.

however, this Court determines it does need additional information, the Tunney Act enables the Court to seek that information without the need to grant amicus status to third parties. *Id.* § 16(f).

## Argument

The NAA has neither demonstrated a need to submit supplemental information nor articulated a rationale as to why it is necessary to for the Court to allow it to participate as amicus curiae in this matter. By its comment, the NAA has already made the Court well aware of its concerns. The ability to repeat and restate arguments already asserted and presented to the Court is not a sufficient basis to request amicus status in a Tunney Act Proceeding. This Court should deny the NAA's motion.

NAA's participation as amici will provide nothing new. The NAA has already filed a 200 plus page, extraordinary detailed comment. Additionally, during the course of the Government's exhaustive investigation into the proposed merger, the NAA repeatedly shared with the Governments its concerns and thoughts on the proposed merger. The Government evaluated and assessed the NAA's concerns as well as economic data, market circumstances and the opinions of various industry participants and interested parties. The Government's assessments and conclusions regarding all of this information was provided to the Court in its competitive impact statement and in its response to the NAA's comments.

Moreover, as a practical matter, the Court need not grant the NAA amicus status because under the Tunney Act, the Court may permit the NAA to do all it has requested to do as amicus without such status. As detailed by the NAA in their motion, the Tunney Act enumerates several mechanisms by which the Court can gather additional information relevant to its public interest determination. Denying the NAA's motion does not foreclose the Court's ability to subsequently seek additional information from the NAA or any other source. If after reviewing all the filed

materials, this Court believes it needs additional information, the Tunney Act enables the Court to obtain that information without NAA's participation as amici. Thus, granting amicus status provides no benefit, but does risk unnecessary complication and delay.

## CONCLUSION

For the foregoing reasons, the Court should deny the NAA's Motion for Leave to Participate as Amicus Curiae.

Dated: Washington, DC
April 21, 2008

>Respectfully submitted,
>
>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>
>By: /s/ Joseph J. Simons
>
>>Joseph J. Simons (DC Bar No. 376168)
>>jsimons@paulweiss.com
>>Danielle Monnig Clark (DC Bar No. 5018567)
>>1615 L Street, NW, Suite 1300
>>Washington, DC 20036
>>
>>Moses Silverman (DC Bar No. 364441)
>>1285 Avenue of Americas
>>New York, NY 10019
>>
>>Attorneys for Abitibi-Consolidated Inc. and Bowater Incorporated.

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I caused a copy of the foregoing Opposition of Abitibi-Consolidated, Inc. and Bowater Incorporated to the NAA's Motion for Leave to Appear as Amicus Curiae in this matter to the following individuals by electronic mail:

**Counsel for the United States Department of Justice**
Karl D. Knutsen
Trial Attorney
Litigation I Section
Antitrust Division
United States Department of Justice
1401 H St., N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 514-0976
Facsimile: (202) 307-5802

**Counsel for the Newspaper Association of America**
Alan L. Marx, Esq.
King and Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
Telephone: (615) 726-5455
Facsimile: (615) 726-5413
Email: amarx@kingballow.com

_Danielle Clark_
Danielle Clark